# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE KRISTIAN CRAIG PRINGLE, IV,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:16cv536-MW/CAS**

**FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case on August 25, 2016, by filing an in forma pauperis motion, ECF No. 2, and a complaint alleging violations of Plaintiff's Sixth, Eighth, and Fourteenth Amendment rights concerning the removal of Plaintiff's children. ECF No. 1. As relief, Plaintiff seeks the return of his children and eleven million dollars. *Id.*

Prior to review, Plaintiff paid the filing fee, ECF No. 4, and requested summons be issued. ECF No. 5. An Order was entered on October 5, 2016, explaining the requirements of service to Plaintiff and finding the in forma pauperis motion was moot. ECF No. 6.

Subsequently, Defendant filed an amended motion to dismiss Plaintiff's complaint. ECF No. 16. Defendant asserts its Eleventh Amendment immunity to this action. *Id.* at 4. Plaintiff was advised of his obligation to file a response in opposition to the motion to dismiss. ECF No. 18. Plaintiff was given until November 29, 2016, in which to file his opposition to the amended motion to dismiss, ECF No. 16. Although Plaintiff's response was filed after that deadline, *see* ECF No. 20, Plaintiff's response has been considered.

Additionally, Plaintiff was "advised that Local Rule 5.6 requires that a party who files a case in this Court must file a notice if '(A) a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or (B) the new case involves issues of fact or law in common with the issues in another case pending in the District.'" N.D. Fla. Loc. R. 5.6 (quoted in ECF No. 6 at 2). Plaintiff was required to comply with Rule 5.6 and file the appropriate notice by October 31, 2016. ECF No. 6 at 2. Plaintiff did not comply. The failure to file the Rule 5.6 notice is important as explained below.

Defendant argues that it has Eleventh Amendment immunity which requires this case to be dismissed. ECF No. 16. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Plaintiff contends that the argument is wrong because he "is a citizen of the State of Florida" and not a citizen "of another State." ECF No. 20 at 2.

Although the language of the Eleventh Amendment would suggest it is not literally applicable in this case, the United States Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of Dep't of Pub. Health & Welfare v. Missouri Dep't of Pub. Health & Welfare, 411 U.S. 279, 280, 93 S. Ct. 1614, 1616, 36 L. Ed. 2d 251 (1973). Such immunity rests upon principles of sovereign immunity and not solely the limited terms of the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 906, 79 L. Ed. 2d 67 (1984) (reiterating that "a federal court could not entertain a suit brought by a citizen against his own State."); Port Auth. Trans-Hudson

Corp. v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1872, 109 L. Ed. 2d 264 (1990).  Thus, absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.").  That "bar remains in effect when State officials are sued for damages in their official capacity."  Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  A suit under § 1983 against a state official sued in his or her official capacity is barred unless it meets one of three exceptions.

    The first two exceptions are through a waiver of sovereign immunity.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Waiver may be either by the State or Congress may override a state's immunity pursuant to its

power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity."). In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment sovereign immunity and consent to suit in federal court under § 1983. Gamble, 779 F.2d at 1520. Defendant has not waived its Eleventh Amendment immunity either.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999)).

Case No. 4:16cv536-MW/CAS

> The doctrine prohibits state officers from enforcing state policies in violation of the Constitution or federal law under a legal "fiction" that "creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and hence, without immunity protection, when they enforce state laws in derogation" of federal or constitutional rights.

Sandoval, 197 F.3d at 492 (citing Summit Med., 180 F.3d at 1337). This long-standing doctrine was explained by the Court as follows:

> The doctrine of Ex parte Young, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity. Moreover, the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. Rather than defining the nature of Eleventh Amendment immunity, Young and its progeny render the Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies, which retain their immunity against all suits in federal court.

Puerto Rico Aqueduct, 506 U.S. at 146, 113 S.Ct. at 688-89.

Here, Plaintiff's claim against the Defendant is for allegedly violating his constitutional rights in the past. Accordingly, Ex parte Young is not applicable and Defendant's amended motion to dismiss, ECF No. 16, should be granted.

Moreover, although not raised by the Defendant, judicial notice is taken of Plaintiff's prior litigation in this Court. It was that litigation that prompted issuance of the Order requiring Plaintiff to comply with Local Rule 5.6. Plaintiff did not do so, but this case involves issues of fact in common with Plaintiff's prior case, case number 4:16cv441-RH/CAS. In that case, Plaintiff alleged that his children were removed from his custody by the Department of Children and Families on June 29, 2015. ECF No. 1 of that case. Plaintiff claimed he was not notified of a hearing and was not provided evidence. *Id.*

As was explained to Plaintiff in case number 4:16cv441, this Court lacks jurisdiction to overturn a final judgment entered by a state court concerning the custody of Plaintiff's children. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De

Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)). Thus, even if the complaint was not barred by the Eleventh Amendment, the case could not proceed.

Furthermore, a third reason to dismiss this case is because federal courts have "traditionally refrained from exercising authority over matters broadly described as 'domestic relations.'" U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996) (citing Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)). The Supreme Court has held "that the domestic relations exception, as articulated by [the] Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (explaining that although the Constitution did not exclude domestic relations cases from federal court jurisdiction, the exception exists nonetheless as a matter of statutory construction); *see also* In re Burrus, 136 U.S. 586, 593-94, 10 S. Ct. 850, 853, 34 L. Ed. 500

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony. 62 U.S. at 584.

(1890) (holding that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). The State of Florida permits any child, parent, guardian ad litem, or other such party to a dependency proceeding who is affected by an order to appeal to the appropriate district court of appeal. FLA. STAT. § 39.510(1). Plaintiff's remedy to overturn a judgment from a state trial court is to appeal to the Florida First District Court of Appeal. This Court does not have appellate jurisdiction to overturn, invalidate, or declare "void" a final order entered from a state circuit court. The complaint should be dismissed for lack of jurisdiction.

It is respectfully **RECOMMENDED** that Defendant's amended motion to dismiss, ECF No. 16, be **GRANTED**, and this case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.